[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The motion currently before the court is a Motion for Summary Judgment. There is also pending a Motion to Dismiss [#112] alleging lack of subject matter jurisdiction. This motion must be addressed first.
The facts are as follows. On February 15, 1991 plaintiff, Derby Savings Bank, filed a one count complaint alleging that the defendants, Martin E. Press and Kathleen Rebecca Press, defaulted under the terms of their mortgage deed and note held by the plaintiff.
Plaintiff alleges that the defendants have failed to make the installment payments of principal and interest due on June 1, 1990 and every month thereafter.
Plaintiff alleges that it gave the defendants notice of default and the opportunity to cure it. Plaintiff further alleges that the defendants did not cure the default. Therefore the plaintiff has declared the entire balance due under the terms of the mortgage deed and note. The plaintiff now seeks strict foreclosure.
On February 2, 1991 plaintiffs served the original writ, summons, complaint and notice of rights on the defendants.
On March 11, 1991 defendants separately filed appearances with the Superior Court, Judicial District of Ansonia-Milford.
On April 8, 1991 defendants filed an answer and a special defense, thereby closing the pleadings.
On July 26, 1991 defendants filed a motion to dismiss for lack of subject matter jurisdiction. The basis for the motion to dismiss is that the defendants never received a summons and complaint foreclosing the subject property.
On September 9, 1991 the plaintiff filed a motion for summary judgment as to liability, a memorandum of law in support, an CT Page 9511 affidavit of debt and a certificate of title. The defendants did not file any responsive pleadings to the plaintiff's motion for summary judgment.
"When the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245,558 A.2d 986 (1989).
Insufficiency of process is a claim of lack of personal jurisdiction. Insufficiency of process is a proper subject for a motion to dismiss, and is considered waived unless asserted within thirty days after the filing of an appearance. Practice Bk. 142. Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 305,571 A.2d 715 (1990).
The defendants filed an appearance on March 11, 1991 and filed the motion to dismiss on July 26, 1991. The motion to dismiss was brought more than thirty days after the defendants filed appearances. Therefore the defendants have waived their claim that the court lacks jurisdiction. The motion to dismiss is denied.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574, 534 A.2d 1172
(1987); Practice Bk. 380. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983).
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which under applicable principles of substantive law, entitled him to a judgment as a matter of law." Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984).
In their answer the defendants admit, paragraphs one, two and six of plaintiff's complaint. Therefore the defendants have CT Page 9512 admitted: that they are indebted to the plaintiff for $152,000.00; that to secure their note to the plaintiffs they mortgaged to the plaintiff the subject property; and that they are the record owners of the subject property.
The affidavit of debt by William Cote, the Vice President of plaintiff Derby Savings Bank, states that the defendants "are in default under the terms of the mortgage deed and note they executed in favor of the plaintiff on October 25, 1988, securing the sum of $152,000 for the reason that they have failed and/or neglected to make a payment under the terms of said mortgage deed and note due June 1, 1990 and each and every month thereafter." He further states that despite the demand to pay, the defendants refused and/or neglected to pay said sum.
The defendants in this motion before the court have not set forth any facts or documents showing that there is an issue for trial. Therefore the plaintiff's supporting documents (an affidavit of debt and a certificate of title) show that the defendants have defaulted on the note and therefore are indebted to the plaintiff under the terms of the mortgage deed and note.
The plaintiff has met its burden of showing there are no facts in controversy based upon the documents stated and therefore the motion for summary judgment as to liability upon the note is granted.
The Court Curran, J.