### HOYT W. CLOUGH, ADMR.
(Estate of Anna Clough)
vs.
### DUNCAN M. URGUHART

| Superior Court | New Haven County | File #50568 |

Present: Hon. CARL FOSTER, Judge.

| Joseph Shelnitz, | Attorney for the Plaintiff. |
| William H. Burland, | Attorney for the Defendant. |

## MEMORANDUM FILED NOVEMBER 6, 1936.

FOSTER, J. Quinnipiac Avenue in New Haven runs north and south. Foxon Road runs east and west and intersects Quinnipiac Avenue. Foxon Road is paved with concrete twenty (20) feet wide, with shoulders on north and south sides, that on the north six (6) feet wide. There are no sidewalks on Foxon Road. North of the north shoulder the terrain is banked one (1) foot high, thence extending fairly level. Foxon Road is straight for seven hundred (700) feet east of Quinnipiac Avenue, with a dip in the grade about four hundred (400) feet east of Quinnipiac Avenue. There is an overhead traffic light at the intersection of Foxon Road and Quinnipiac Avenue which shows green for right of way for east and west traffic on Foxon Road for twenty-three (23) seconds, and then turns amber as caution, and then red, stopping traffic.

The plaintiff's decedent at about 9 o'clock P.M., (D.S.T.) on June 14, 1936 crossed from the northwest corner of the intersection of the two highways to the northeast corner and proceeded east, walking on the north shoulder of Foxon Road. As she reached a point about fifty (50) feet east of the east line of Quinnipiac Avenue, having observed the approach of the defendant's automobile, travelling west on Foxon Road, she stepped up onto the bank. As she did so, she was struck by the defendant's automobile, driven by the defendant, and thrown to the north about ten (10) feet, receiving the injuries of which complaint is here made. The plaintiff claims that the proximate cause of the injuries set forth in the complaint was negligence of the defendant.

No claim is made by the defendant that the plaintiff's decedent was guilty of contributory negligence in the premises. He claims that it had been raining, that the air was wet and foggy; that the pavement was wet, and that he was driving his Essex coach with all windows shut, but with the windshield wiper operating, on the right side of Foxon Road in a westerly direction. He admits seeing the traffic light as he

approached the intersection of the highways, but, since it was green, he did not reduce his speed until the light turned to amber, indicating required caution, at which time he was about fifty (50) feet east of the east line of Quinnipiac Avenue. He claims that he then threw on his brakes, that his automobile skidded on wet pavement, turning around and turning over, so that it lay upon its left side, facing east. He claims that he did not see the plaintiff's decedent and did not know of her presence until he heard her cry out after he had extricated himself from inside his automobile. He claims that he was in the exercise of due care and that, if he did strike plaintiff's decedent, the collision was a pure accident.

That the defendant did strike the plaintiff's decedent there can be no question, and I so find. The defendant either saw, or, in the exercise of due care, should have seen the traffic light when he was much more than fifty (50) feet east of the east line of Quinnipiac Avenue. If upon seeing the traffic light it was showing green, giving him the right of way, as he testifies he did, he must have known that within a very short time it would turn amber or red. Upon seeing the traffic light it was the duty of the defendant to have reasonable control of his automobile, reducing its speed, if reasonable control so demanded. In securing such reasonable control of his automobile, it was his duty to consider the condition of the weather, the condition of the pavement and other reasonably obvious factors that might influence such control. It is so well known to operators of motor vehicles that the sudden and forcible application of brakes to an automobile on a wet and slippery pavement will cause the vehicle to skid, that the action of the defendant, as testified by him, is strong evidence that he did not have reasonable control of his automobile. The testimony of the speed at which the defendant was travelling varies. He was travelling at such a high speed that when his automobile struck the plaintiff's decedent she was thrown ten (10) feet over the edge of the bank. His high speed, under the circumstances, is also shown by the fact that his automobile turned completely around and tipped over onto its side.

I find that the injuries of which complaint is made were proximately caused by negligence of the defendant, as alleged in the complaint.

The plaintiff's decedent was immediately taken to the office

of a physician and thence to a hospital. There it was discovered that she had suffered a comminuted fracture of the tibia of the right leg and a rupture of the liver. She suffered great pain as a proximate result of her injuries, and died at 7:10 P.M., (D.S.T.) on June 15, 1936, having been conscious a great part of the time after she was struck up to the time of her death. She was fifty-three (53) years of age and she had an expectancy of life of 18.97 years. She was married, was of moderate means and lived with and kept house for her husband and several of her nine children. She had always been in excellent health and was about 5 feet 7 inches tall.

There is no absolute rule as to the measure of damage in a case containing all of the elements appearing in this case.

**O'Connor vs. Zavaritis, 95 Conn. 111, 116.**

Considering the severity of her injuries and the great pain thereby caused her during her many conscious hours during the twenty-two hours that she lived after receiving them and considering her hospital bill and doctor's bill, expended on account of such injuries, and considering the fair economic value of her life to her estate, the measure of damage is greater than that limited by statute.

Judgment is rendered that the plaintiff recover of the defendant damages of ten thousand ($10,000.00) dollars).