[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FACTS
The plaintiff brings this action in a one count complaint against the defendant Town of Vernon. The plaintiff alleged that the defendant leases, to the State of Connecticut, the building known as the Superior Court Geographical Area 19 courthouse (hereinafter the "courthouse") located at 55 West Main Street, Rockville, Connecticut. The plaintiff further alleges that while he was held in the courthouse holding cell, he sat on a metal bolt protruding from a bench which caused him to fall to the floor and injure himself. The plaintiff alleges that the defendant was negligent in its maintenance of the cell and is therefore liable for his injuries.
The defendant has filed a motion for summary judgment pursuant to Practice Book 378 et seq. A memorandum of law has also been filed by the defendant pursuant to Practice Book 380 with a supporting affidavit of Robert Dotson, the town administrator. The plaintiff has filed a memorandum of law in opposition to the motion for summary judgment accompanied by various documents including a portion of a copy of the deposition of Robert Dotson.
On April 10, 1990, the defendant answered the complaint and pled governmental immunity as a special defense. The plaintiff, in his "Reply to Special Defenses" dated October 16, 1990, denies each of the defendant's special defenses. As required by Practice Book 379 the pleadings are closed between the parties.
The defendant argues that it is entitled to summary judgment as a matter of law because it is immune from liability based on governmental immunity. The plaintiff argues that the motion for summary judgment should be denied for three reasons. The plaintiff first argues that General Statutes 52-557n(a)(1)(B) abrogates the defendant's CT Page 7350 governmental immunity. The plaintiff's second argument is that the defendant was performing a proprietary function and therefore governmental immunity does not apply. The plaintiff's third argument is that the defendant was performing a ministerial function in the leasing of the courthouse and therefore governmental immunity does not apply.
DISCUSSION
"The summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172, (1987). "A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to a judgment as a matter of law." Catz v. Rubenstein, 201 Conn. 39,48, 513 A.2d 98, (1986). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id., p. 49.
I. General Statutes 52-557n(a)(1)(B)
The plaintiff argues that General Statutes 52-557n(a)(1)(B) abrogated governmental immunity and that the facts of this case are within the parameters of the statute. The defendant, while it admits that General Statutes 52-557n(a)(1)(B) abrogates governmental immunity, it argues that the statute does not apply to the facts of this case.
The court in White v. Burns, 213 Conn. 307, 567 A.2d 1195
(1990), stated that "[t]he state legislature . . . possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities." White, supra, 312. General Statutes 52-557n(a)(1)(B) states:
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: . . . (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit. . .
General Statutes 52-557n(a)(1)(B). The parties agree that this statute abrogates governmental immunity but disagree as to whether it applies to the facts of this case. The CT Page 7351 plaintiff argues that the defendant derives either a special corporate profit or a pecuniary benefit from its renting of the courthouse to the state and therefore governmental immunity is abrogated. The defendant argues that it does not derive a special corporate profit or earn a pecuniary benefit and therefore the statute does not apply.
The defendant has attached an affidavit to its memorandum of law from Robert Dotson, the town administrator, which states that the defendant is losing money in its lease to the state. The plaintiff has not attached any affidavit to contradict this affidavit. The plaintiff, however, claims that the defendant receives two dollars a square foot in addition to its expenses by statute which constitute profits. The statute on which the plaintiff relies states:
 The commissioner of public works may continue to lease quarters serving the geographical areas of the superior court from a municipality . . . at a rental as may be set by agreement of the parties . . . plus two dollars per square foot for contingency expenses.
General Statutes 51-27a(c). The two dollars mentioned in the statute is not profit but is to cover contingency expenses. The defendant does not derive a special corporate profit from its leasing of the courthouse to the state. Therefore, for the statute to apply the defendant must derive some pecuniary benefit.
No case law was found which interpreted or defined the meaning of pecuniary benefit as found in General Statutes52-557n(a)(1)(B). A legislative history of General Statutes52-557n(a)(1)(B) did not shed any light on the subject. Therefore, the court turns to statutory construction to determine the meaning of the phrase.
The court in Kilduff v. Adams. Inc., 219 Conn. 314,593 A.2d 478 (1991), discussed the rules of statutory construction and stated:
 If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive since where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. In the construction of the statutes, CT Page 7352 words and phrases shall be construed according to the commonly approved usage of the language . . . In the absence of ambiguity, statutory language should be given its plain and ordinary meaning.
(Citations omitted.) Kilduff, supra, 336-37. "Statutes that abrogate or modify governmental immunity are to be strictly construed." Rawling v. New Haven, 206 Conn. 100, 104,537 A.2d 439 (1988).
Black's Law Dictionary defines pecuniary benefit as "[b]enefits that can be valued in money." Black's Law Dictionary, Fifth Edition, p. 1018. Benefit is defined as "[a]dvantage; profit; privilege; gain; interest." Id. p. 143. Based on these definitions the defendant does not receive a pecuniary benefit from the lease of the courthouse. The defendant does collect rent from the state and is entitled to the two dollars per square foot for contingency expenses but is not breaking even on the operation expenses. The plain meaning of the statute requires some kind of advantage, profit or privilege to the defendant which it is not receiving. Therefore, the statute does not apply to the facts of this case and the defendant is entitled to governmental immunity unless some other exception applies.
II. Proprietary Function
The plaintiff's second argument is that governmental immunity does not apply because the defendant is acting in a proprietary manner in its leasing the courthouse to the state. The defendant claims that the town is losing money and therefore not acting in a proprietary manner.
The court in Couture v. Board of Education, 6 Conn. App. 309,505 A.2d 432 (1986), discussed governmental immunity and proprietary functions and stated:
 `It is well settled in this State that municipal corporations are exempt from liability for the negligent performance of a purely governmental duty unless made liable by statute.' When municipalities are engaged in proprietary or ministerial activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities. . . The functions of a municipal corporation fall into two classes, those of a governmental nature, where it acts merely as CT Page 7353 the agent or representative of the state in carrying out its public purposes, and those for the particular benefit of its inhabitants.
(Citations omitted.) Couture, supra, 312. The court in Couture, supra, stated further that it is a question of fact whether the act complained of is governmental or ministerial in nature. The court in Tarzia v. Stamford Transit District,4 CSCR 302 (February 28, 1989, Lewis, J.), applied this standard to a situation where the question of whether a particular act was proprietary in nature or otherwise and determined that such a determination was a question of fact.
In Tarzia, the court held that the operation of a railroad station was a proprietary function. The court reasoned that the common thread in the cases that found a municipal function to be proprietary in nature were that in all the cases the municipality's actions appeared to be commercial in nature. Tarzia, supra, 303. The leasing of property may appear commercial in nature, but it is a close issue which should be developed at trial.
II. Ministerial/Discretionary
The plaintiff's third argument is that the defendant is performing a ministerial task in its leasing of the courthouse to the state and therefore governmental immunity should be abrogated. The defendant argues, however, that the operation of the court house is a discretionary function and therefore governmental immunity does apply. Neither side has provided any case law in which the leasing of a courthouse is deemed to be either discretionary or ministerial.
The court in Heigl v. Board of Education, 218 Conn. 1,587 A.2d 423 (1991), discussed the application of the ministerial/discretionary exception to municipal immunity and stated:
 A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. Governmental immunity, however, is not a blanket protection for all official acts. For example, `[a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . .' `Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . On the other hand, ministerial acts CT Page 7354 are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.'
(Citations omitted.) Heigl, supra, 4-5. The question of whether the act complained of is ministerial or discretionary is a question fact to be determined by the trier of fact. Cf. Gauvin v. New Haven, 187 Conn. 180, 445 A.2d 1 (1982). No case law was found in which the leasing of a courthouse to the state is either classified as a discretionary or ministerial function. A genuine issue of material fact as to whether the leasing of the courthouse is discretionary or ministerial exists and therefore the defendant's motion for summary judgment is denied.
CONCLUSION
General Statutes 52-557n(a)(1)(B) does abrogate governmental immunity but does not apply to the facts of this case. The question of whether the defendant is acting in a proprietary manner when it leases the courthouse to the state is a question of fact. Furthermore, the question of whether the leasing of the courthouse to the state by the defendant is discretionary or ministerial is a question of fact to be determined by the trier of fact. Therefore, the defendant's motion for summary judgment is denied.
BY THE COURT,
Honorable Robert McWeeny, J.