[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 17, 1889 the plaintiffs, employees of the Welfare Department of the City of Bridgeport[1], filed a revised complaint in two counts against the defendants, the City of Bridgeport (City) and the National Association of Government Employees (NAGE). The plaintiffs, members of NAGE, allege that the City and NAGE were parties to a collective bargaining agreement, which existed for their sole and exclusive benefit. In the first count of their revised complaint, plaintiffs allege that social workers had been doing the same work as the plaintiffs, but had been placed in a higher classification, and that some of the plaintiffs had filed in 1979 a grievance seeking equal pay for equal work. Plaintiffs further allege that in 1982, 1984, and 1987 they filed additional grievances seeking the same relief and that despite repeated requests the defendants have neglected and refused to perform the agreement for arbitration even though the plaintiffs are ready, willing, and able to perform the agreement. In the second count, plaintiffs allege that NAGE misled them into believing it was representing the plaintiffs with respect to the grievances. Plaintiffs also allege that NAGE neglected and refused to represent CT Page 9581 them in good faith and failed to process their grievances and submit them to arbitration.
In two special defenses the City contends that the plaintiffs did not file their grievances in a timely manner and that the plaintiffs have failed to exhaust their administrative remedies. NAGE in its special defenses claims that the plaintiffs failed to exhaust their administrative remedies and that the harm caused to the plaintiffs was the result of their own failure to follow NAGE bylaws.
On July 30, 1992 NAGE filed a motion for summary judgment, which included an affidavit by Ann V. Twigg, president of the Bridgeport Local NAGE union in 1987, and a copy of what the defendants claim to be an agreement dated August 28, 1989 between the City and NAGE settling all outstanding grievances at the Welfare Department concerning equal pay for equal work. (hereinafter the Agreement). On August 8, 1992 the City also filed a motion for summary judgment adopting NAGE's arguments.
In opposition to the defendants' motions for summary judgment, plaintiffs submitted affidavits by plaintiffs Santana, Romero, Burks, Codrington and Williams.
The summary judgment motion "is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829
(1989). Practice Book 380 indicates that a motion for summary judgment "should be supported by such documents as may be appropriate including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. Old Buckingham Corporation,205 Conn. 572, 574, 534 A.2d 1172 (1987). Through the supporting documents "the party seeking summary judgment has the burden of showing the non-existence of any material fact." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). Courts have defined a material fact as one that "will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596
(1969). After the moving party has filed its supporting documents, the party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers Inc., 193 Conn. 313, 317, CT Page 9582477 A.2d 1005 (1984). "It is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue." State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). Nevertheless, "[i]n deciding a motion for summary judgment, a trial court must view the evidence in a light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions . . . . It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596
(1969). Moreover, "[a]llegations of misrepresentation and fraud present issues of fact." Maturo v. Gerard, 196 Conn. 584, 587,494 A.2d 1199 (1985).
Defendants argue that no genuine issue of material fact exists because the majority of the plaintiffs signed the purported Agreement. Therefore, it is the defendants' position that the parol evidence rule bars the signing plaintiffs from asserting any additional evidence and should be given no merit in this case. Defendants also argue that the non-signing plaintiffs, Laputz and Melendez, are bound by the Agreement because they accepted the benefits thereof, and because it is the union's traditional role to settle grievances on the behalf of union members such as Laputz and Melendez.
Plaintiffs argue that summary judgment is inappropriate because the signatures to the purported Agreement were procured in bad faith and by way of fraud and misrepresentation. Plaintiffs further argue that plaintiffs Laputz and Melendez are not bound by the purported Agreement because they never signed it and thus are not proper parties to the defendants' motions for summary judgment.
The trial court when hearing a motion for summary judgment must "confine itself to deciding whether material issues of fraudulent concealment and misrepresentation exist." Siudyla v. Chem Exec Relocation Systems, Inc., 23 Conn. App. 180, 184,579 A.2d 578 (1990). On a motion for summary judgment it is inappropriate for the trial court to weigh the nonmovant's evidence of fraud and misrepresentation against the movant's evidence and determine that the former did not meet the appropriate standard to prove its case. Id. Instead, the moving party has the burden of showing the absence of any genuine issue of fact and where the CT Page 9583 plaintiffs' evidence contradicts the defendants' evidence, summary judgment is inappropriate. Id., 185.
Although generally the parol evidence rule requires the exclusion of extrinsic evidence, oral or written, where the parties have reduced their agreement to an integrated writing, in this case the plaintiffs allege in their revised complaint that NAGE acted in bad faith and misled them. "Parol evidence is admissible . . . to show mistake or fraud." Stelco Industries. Inc. v. Bette, 2 Conn. App. 17,23, 475 A.2d 1105 (1984). In the affidavits submitted in opposition to the motions for summary judgment, plaintiffs Santana, Romero, Burks, Codrington and Williams attest that the defendant union procured their signatures in a fraudulent manner and misrepresented to them what affect the Agreement would have on their grievances. According to the affidavits of Santana, Romero, Burks and Codrington the defendants represented that the Agreement would not have any affect upon past grievances. Not only do the affidavits attest that the defendants misrepresented the terms of the Agreement, but some of the plaintiffs attest that they were never shown the Agreement. (See affidavits of Santana, Romero, Codrington and Williams). Thus, the defendants' motions for summary judgment are denied because a question of fact exists as to whether or not the Agreement was procured by fraud.
So Ordered.
Dated at Bridgeport, Connecticut, this 22nd day of October, 1992.
WILLIAM B. LEWIS, JUDGE