[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On May 4, 1992, the plaintiff, Allen Bowens, an inmate incarcerated at the Connecticut Correctional Institute at Enfield, filed the present action against defendants Catherine Polek, the State of Connecticut, the Department of Corrections, Central Motor Pool, and Normand R. Rodrigue, an employee of the Department of Corrections. On August 18, 1992, the plaintiff filed a two count revised complaint. The first count is addressed to the State of Connecticut, the Department of According to Practice Book 380, a motion for summary judgment "should be supported by such documents as may be appropriate including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "`The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubts as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382
(1971). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant, 164 Conn. 194, 199, 319 A.2d 403
CT Page 1725 (1972); Fogarty v. Rashaw, supra, 446. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts in the affidavit of the movant." (Emphasis added.) Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986), citing Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12, 459 A.2d 115 (1983). However, "[i]n deciding a motion for summary judgment, a trial court must view the evidence in a light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990).
In the present case, the state defendants argue that summary judgment should be granted because defendant Rodrigue, in a sworn affidavit, attests that he had been stopped for several seconds in his own lane with his turn signal on while waiting to make a left turn when the state vehicle was rear ended by a vehicle operated by defendant Polek. The state defendants also argue that summary judgment is appropriate because defendant Rodrigue attests that he never saw defendant Polek's vehicle and was unable to avoid the accident. The state defendants not only rely on defendant Rodrigue's supporting affidavit, but also on the plaintiff's failure to offer evidence showing the existence of a genuine issue of material fact.
It is true that the failure of the nonmoving party to controvert by affidavit or otherwise any of the facts set forth in the moving party's affidavit entitles the court to rely upon the facts stated in the moving party's affidavit. Fogarty v. Rashaw, supra, 444-45.
Defendants' affidavit fails to properly address plaintiff's allegations of negligence. In the instant case, the Rodrigue affidavit only states that defendant Rodrigue stopped the vehicle with his left turn signal on and waited several seconds for oncoming traffic to pass and that he never saw defendant Polek's vehicle approaching. (See Rodrigue's Affidavit, Paragraphs Five through Seven, filed October 9, 1992). The affidavit contains no facts to refute the plaintiff's allegations CT Page 1726 that plaintiff was not secured by a seat belt, that defendant failed to properly look out for other vehicles on the highway, that defendant Rodrigue failed to keep the vehicle under proper control, and that defendant Rodrigue failed to take reasonable and appropriate evasive measures to avoid the collision. (See Plaintiff's Revised Complaint, Count One, Paragraphs Six and Nine, filed August 18, 1992). The Rodrigue affidavit fails to address the plaintiff's claim the defendant Rodrigue did not properly control the vehicle or take reasonable evasive measures to avoid the collision.
Furthermore. Paragraph 9(a) of plaintiff's complaint alleges that defendant Rodrigue failed to keep a proper lookout for other vehicles, and in paragraph seven of Rodrigue's affidavit, he admits: "I never saw Ms. Polek's vehicle approaching prior to impact." This statement supports, rather than contradicts, the plaintiff's claim. Accordingly, defendants' motion for summary judgment is denied because the aforementioned factual issues raised in plaintiff's complaint are not addressed in the Rodrigue affidavit and remain unresolved.
Mary R. Hennessey, Judge