[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR SUMMARY JUDGMENT (FILE #142)
On November 18, 1992, plaintiff, Traci A. Dreher, filed a two count amended complaint against defendants, Bahama Bob's CT Page 11134-U Hartford, Inc. d/b/a Bahama Bob's, and William Rowley, Jr., for damages sustained in an automobile accident. On December 21, 1992, the Court granted a motion filed by plaintiff to consolidate this case with Emily Hebert v. Bahama Bob'sHartford, Inc., Docket No. CV-92-513493-S. Plaintiff alleges the following facts in both counts of the complaint. On or about June 28, 1991 (and June 29, 1991), and for a period of time prior thereto, defendants owned, operated, possessed, maintained, backed and/or controlled the nightclub, bar and/or restaurant known as Bahama Bob's, located in Hartford, which was open to the general public. At all relevant times, defendant Rowley, individually and as permittee, owned, possessed, maintained, operated and/or controlled Bahama Bob's. Furthermore, between the hours of 9:00 p.m. on June 28, 1991, and 12:30 a.m. on June 29, 1991, Richard D. Staubach, of South Windsor, was a patron of Bahama Bob's.
Plaintiff alleges in the first count that at such dates and time, defendants sold alcohol to Staubach who was intoxicated and, as a consequence, caused a two-car accident on Route 30 in South Windsor at approximately 1:19 a.m. when his car crossed the center line and collided with a car in which plaintiff was a passenger. As a result of the defendants' conduct and the subsequent collision, plaintiff sustained severe permanent injuries. Furthermore, plaintiff alleges that she has incurred, and will continue to incur, medical expenses and that her earning capacity has been greatly diminished. Plaintiff seeks recovery against defendants pursuant to the Dram Shop Act, Connecticut General Statutes § 30-102.
In her second count, plaintiff alleges that the defendants served alcohol to Staubach, and thereby acted in wanton and reckless misconduct for the safety of persons such as the plaintiff who were likely to use the roads or highways. Additionally, plaintiff alleges that such wanton and reckless misconduct caused, and/or was a substantial factor in bringing about, her injuries.
On May 12, 1994, defendants filed an amended answer asserting one special defense. It alleges that plaintiff has been fully compensated for the losses claimed in her complaint, having recovered a judgment against Staubach in a separate action; defendants maintain, therefore, that plaintiff is barred from recovery against them in this action. CT Page 11134-V
On May 17, 1994, plaintiff filed a reply to defendants' special defense in which she denied that she had been fully compensated for the losses she alleges in the present action.
On May 20, 1994, defendants filed a motion for permission to file for summary judgment, along with a memorandum in support of their motion, and a copy of the motion for stipulated judgment entered in the case of Traci A. Dreher, etal v. Richard Staubach, et al, Docket No. CV-91-0399199-S. The motion for permission was granted by the Court on May 27, 1994. On June 8, 1994, defendants filed a supplemental memorandum in support of their motion for summary judgment, along with the transcript of the May 24, 1993 prejudgment remedy hearing, and a copy of Staubach's June 11, 1992 deposition. Plaintiff has filed a timely memorandum in opposition to the summary judgment motion, her own opposing affidavit, the affidavit of her counsel, and also a transcript of the prejudgment remedy hearing.
Summary judgment "is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old BuckinghamCorporation, 205 Conn. 572, 574, 534 A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Lees v. Middlesex Ins. Co., 219 Conn. 644,650, 594 A.2d 925 (1991). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastic Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Scrapchanskyv. Plainfield, 226 Conn. 446, 450, 627 A.2d A.2d 1329 (1993). The test for the granting of summary judgment is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116
(1990). A motion for summary judgment may be used to test the legal sufficiency of a complaint where the parties are at issue on an answer filed. Boucher Agency v. Zimmer, 160 Conn. 404,279 A.2d 540 (1971). CT Page 11134-W
(1) Prior Compensation
Defendants argue in their memorandum in support of this motion that summary judgment should be granted on all counts of the complaint on the basis that the damages claimed in the present action are exactly those claimed in the prior action, for which the plaintiff has already been fully compensated; defendants argue that plaintiff cannot recover another judgment for the identical damages. Defendants have included as an exhibit a copy of the stipulated judgment entered on November 13, 1992 in favor of plaintiff (and two co-plaintiffs) against Staubach, and one of the co-plaintiff's "uninsured motorist" carrier, Aetna Casualty and Surety (TraciA. Dreher, et al v. Richard David Staubach, et al, Docket No. CV-91-0399199-S). Pursuant to said stipulated judgment, the plaintiff was entitled to recover $14,380.25 from Staubach, and $125,000.00 from Aetna.
Plaintiff contends that the full measure of loss was not litigated in the prior action since a stipulated judgment is not a judicial determination of any litigated right. Plaintiff further argues that the injuries recovered in the prior action were for non-economic damages, whereas the recovery sought in the present case is for economic damages.
A purveyor of intoxicating liquors and the intoxicated driver are assumed to be joint tortfeasors. Gionfriddo v.Gartenhaus Cafe, 15 Conn. App. 392, 398, 546 A.2d 284 (1988).See also: Gionfriddo v. Gartenhaus Cafe, 211 Conn. 67 (1989). "`An injured party is entitled to full recovery only once for the harm suffered'. . . . For a recovery from a second tortfeasor to be barred, however, it must be shown that the injured party has received a full recovery." Hammond v.Waterbury, 219 Conn. 569, 577, 594 A.2d 939 (1991). "`When a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor . . . .'" Id. at p. 577 fn. 3. Where, however, the damages were never litigated in the prior proceeding, the question of whether a stipulated judgment represented a full recovery is a question of fact. Id at p. 577 fn. 3. Thus, whether the stipulated judgment entered in the prior action in this case represented a full recovery is properly a question for the trier of fact. That judgment expressly restricted the amounts CT Page 11134-X recovered to compensate the plaintiff for "pain, suffering and permanency (non-economic damages)." Also, plaintiff's counsel (who represented her in the prior action) attests in his affidavit, submitted with the memorandum of law, that "[t]he stipulated judgment entered without any trial on the issue of damages or any determination by a fact-finder as to the issue of damages." Therefore, since a genuine issue of material fact exists as to whether plaintiff has already been fully compensated for her damages, defendants' are not entitled to summary judgment on this asserted ground of their motion.
(2) Count One — Statutory Limit Recoverable
Defendants argue in their memorandum in support of their motion that since plaintiff has recovered $14,380.25 (from Staubach) in the prior action, her claim under General Statutes § 30-102 must be limited to $5,619.75.
General Statutes § 30-102 limits "just damages" against a seller of alcohol "up to the amount of twenty thousand dollars." Sanders v. Officers Club of Connecticut. Inc.196 Conn. 341, 354, 493 A.2d 184 (1985). In Sanders the injured plaintiff brought an action under General Statutes § 30-102; prior to that action the plaintiff had obtained a stipulated judgment against the intoxicated driver for $55,000. A jury awarded the plaintiff $504,390 as "just damages" in the subsequent Dram Shop action against the defendant liquor establishment, and the trial court reduced the damage award to $20,000. The court held that "[g]iven the vast disparity between the amount of the verdict and the sum of the stipulated judgment plus the maximum amount recoverable under General Statutes § 30-102, the plaintiff was entitled to recover the full $20,000 allowable under that statute." Id. at p. 355.
It would thus appear to the court that depending on what a fact-finder would award plaintiff as "just damages" in this case, plaintiff's right to recovery under General Statutes § 30-102 would not necessarily be limited as contended by defendants. In the present case, there has been no finding of fact regarding "just damages;" therefore, as a genuine issue of material fact exists as to the amount of plaintiff's "just damages", defendants' are not entitled to summary judgment on the first count. CT Page 11134-Y
(3) Count Two — Reckless Conduct
Defendants argue that because plaintiff, in the second count, has failed to set forth sufficient facts to establish a cause of action under a theory of reckless conduct, that count of the complaint must fail and, accordingly, summary judgment should be granted.
"In order to prove that a sale of intoxicating liquor was made in a wilful, wanton and reckless manner, the plaintiff must demonstrate that the defendants acted in a manner that tended to take on the aspect of `highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.'" Coblev. Maloney, 34 Conn. App. 655, 661, ___ A.2d ___ (1994). However, "[t]he mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985).
In Coble v. Maloney, 2 Conn. L. Rptr. 751 (November 16, 1990), the lower court determined, upon pretrial motion, that the following allegations were sufficient to support a claim for reckless and wanton conduct:
 The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brian P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause an injury to others. (Emphasis added).
In Shift v. My Brother's Place Ltd., Superior Court, Judicial District of Middlesex, Docket No. 065595, (March 5, 1993), the Court found the following allegations insufficient to support an action for reckless and wanton conduct: CT Page 11134-Z
 The accident and the plaintiff's injuries and losses were caused by the wilful, wanton and reckless conduct of the defendant, its agents, servants and/or employees in that they served alcohol to Keith Royce while they knew he was intoxicated, all of which resulted in the plaintiff's injuries.
In granting the motion to strike, the Court in Shift held that "the plaintiffs [had] alleged no facts which would indicate that the defendants, or their agents, continued to serve Royce despite observable manifestations of intoxication." (Emphasis added). Id. The Court stated further that while the plaintiffs need not allege specific characteristics of intoxication, they must "at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person." Id.
Plaintiff in the present case alleges, in the second count, that the defendants acted in a wanton and reckless manner in that they:
 a. Sold and/or otherwise supplied alcoholic beverages to Staubach when they knew or should have known that he was under the influence of alcohol and/or intoxicated and was likely to operate a motor vehicle in said condition;
 b. Caused or contributed to the intoxication of Staubach by selling and/or otherwise supplying alcoholic beverages to him, although they knew or should have known that he was under the influence of alcohol and/or intoxicated and was likely to operate a motor vehicle in said condition;
 c. Caused and/or contributed to the intoxication of Staubach, by selling and/or otherwise supplying alcoholic beverages to him in an amount that they knew, or should have ascertained by observing his height and weight, would be CT Page 11134-AA certain to cause him to become intoxicated and was likely to operate a motor vehicle in said condition;
 d. Continued to serve Staubach additional amounts of alcoholic beverages although they knew, or should have known that he was under the influence of alcohol and/or in an intoxicated condition.
It would appear, based on these pleadings alone, that plaintiff may not have alleged facts which, if proved, would go beyond a mere conclusion that defendants served Staubach while he was intoxicated; however, on the present motion, these allegations must necessarily be viewed in conjunction with the affidavits and other proof submitted. Staubach's own statement regarding the number of alcoholic beverages he consumed, and his condition while at Bahama Bob's, is recorded in both his deposition and the transcript from the prejudgment remedy proceeding. Staubach stated that while at Bahama Bob's he had "at least four beers and maybe one more and one or two shots". Additionally, he stated that while at Bahama Bob's he felt "buzzed or something like that. I wasn't falling on my face, but I wasn't sober. Probably more talkative, slightly maybe argumentative, that type of behavior."
Staubach's own statements constitute some evidence which, if proved, would go beyond a mere conclusion that the defendant served Staubach while he was intoxicated. Since plaintiff has introduced evidence which, if proved, would provide a basis for a cause of action for reckless conduct, defendants' cannot prevail on their motion for summary judgment relative to the second count of this complaint.
(4) Counts One and Two — Proof of Intoxication
Defendants maintain that because plaintiff has not presented one witness who will testify that Staubach was visibly intoxicated while at the defendants' bar, summary judgment should be granted on the first and second counts of the complaint.
Central to an action under General Statutes § 30-102 is a determination by the trier of fact that there was (1) a sale CT Page 11134-BB of intoxicating liquor (2) to an already intoxicated person (3) who, as a result of such intoxication, caused injury to the person or property of another. Sanders v. Officers Club ofConnecticut. Inc., 196 Conn. supra at p. 349.
 "To be intoxicated is something more than to be merely under the influence of, or affected to some extent by, liquor. . . . When it is apparent that a person is under the influence of liquor, when his manner is unusual or abnormal and is reflected in his walk or conversation, when his ordinary judgment or common sense are disturbed or his usual will power temporarily suspended, when these or similar symptoms result from the use of liquor and are manifest, a person may be found to be intoxicated. He need not be `dead drunk'." Id. at p. 349-50.
"[I]t is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . ."Coble v. Maloney, 34 Conn. App. supra at p. 671. In Coble, the Appellate Court affirmed the trial court's denial of the defendants' motion for directed verdict with regard to the plaintiff's claim of wilful, wanton and reckless conduct in the service of alcohol. The Court premised its determination, in part, on the intoxicated driver's own testimony regarding the number of alcoholic drinks consumed and his condition while at the defendants' bar, holding that the jury reasonably could have inferred that the driver manifested signs of intoxication. Id. at 671. In a similar appeal, the Appellate Court, in Futterleib v. Mr. Happy's, Inc., 16 Conn. App. 497,548 A.2d 728 (1988), also affirmed the trial court's denial of a defendant's motion for directed verdict basing its decision in part, on the intoxicated driver's own testimony regarding the number of drinks consumed, and his condition while at the defendant's bar.
In this case, Staubach's own statements of his condition, and the number of drinks he consumed while at Bahama Bob's, would provide a basis whereby a jury could reasonably infer that he manifested signs of intoxication. A genuine issue of material fact exists as to whether Staubach manifested signs of intoxication while being served at Bahama Bob's; therefore, CT Page 11134-CC summary judgment on the ground(s) stated would be inappropriate.
For the reasons stated herein, defendants' motion for summary judgment is hereby denied.
Mulcahy, J.