JANET ORENSTEIN ET AL. *v.* OLD BUCKINGHAM CORPORATION ET AL.
(13129)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and SANTANIELLO, Js.

Argued October 7—decision released December 22, 1987

*Snow Gene Munford,* for the appellant (named defendant-third party plaintiff).

*John W. Lemega,* for the appellees (third party defendants Candace Browning et al.).

SANTANIELLO, J. This appeal is from a decision of the trial court granting a motion for summary judgment in favor of the third party defendants, Candace Browning and Jacintha Kelley, against the named defendant-third party plaintiff, Old Buckingham Corporation. The plaintiffs, Janet Orenstein and Max Orenstein,[1] brought suit against the defendant, Old Buckingham Corporation, alleging that Janet had sustained injuries as she entered a common entryway on premises owned and controlled by the defendant. The common entryway of the defendant's building led into a foyer which, in turn, led to interior door entrances to two stores, Kelley's Pace and The Sporty Image. The defendant impleaded Candace Browning and Jacintha Kelley,[2] the lessees of Kelley's Pace, as third party defendants, alleging that they were obligated, by the terms of their lease, to indemnify the defendant. The third party defendants filed a motion for summary judgment which the court granted after it rendered a stipulated judgment for damages in favor of the plaintiff Janet Orenstein. The named defendant-third party plaintiff (hereinafter third party plaintiff) has appealed.

---

[1] The case of Max Orenstein versus Old Buckingham Corporation was withdrawn on September 24, 1986.

[2] The plaintiff, Janet Orenstein, was also listed as a lessee.

On October 4, 1984, while she was entering the doorway leading to the foyer of Old Buckingham Place in Old Saybrook, Janet Orenstein's right heel was struck with great force by the outside door which shut on her heel causing her the injuries for which she sought damages. At that time, there was a lease in effect between Old Buckingham Corporation, as lessor, and Candace Browning and Jacintha Kelley, doing business as Kelley's Pace, as lessees, renting to them a portion of the premises designated as "Unit A." The lease contained a provision, paragraph 9, in which the lessees promised to indemnify the lessor for any claims arising from the lessees' use or occupancy of the demised premises or from any act or ommission on their part.

The sole issue raised by the third party plaintiff in this appeal is whether the trial court erred in granting the motion for summary judgment.

A motion for summary judgment should be granted only when the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 316–17, 477 A.2d 1005 (1984); *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984). It should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Practice Book § 380. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible as evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Practice Book § 381. Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial. *Town Bank*

*& Trust Co.* v. *Benson,* 176 Conn. 304, 307, 407 A.2d 971 (1978); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 375, 260 A.2d 596 (1969).

In the present case, the third party defendants moved for summary judgment alleging in part: "The third-party defendants respectfully represent to this Court that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law because, based upon the pleadings before this Court, the plaintiff's claim arises out of an alleged defect in a common area of the premises owned by the third-party plaintiff which area was explicitly not demised to the third-party defendants. Therefore, the obligation to indemnify imposed upon the third-party defendants pursuant to paragraph 9 of the lease[3] between the third-party plaintiff and the third-party defendants is, as a matter of law, inapplicable."

The third party defendants filed a request for admissions directed to the third party plaintiff, which alleged certain facts pertaining to the lease between the parties. The request for admissions included the following: that the third party plaintiff owned the property; that the third party plaintiff maintained control of the property; that the third party defendants leased the premises known as Unit A; that the lease provides that the "landlord shall be responsible for structural repairs and structural maintenance"; that the lease provides that the "tenant shall be responsible for all maintenance and repair within tenants' unit"; that in order to reach Kelley's Pace, in Unit A of the North Front Building of Old Buckingham Place, it is necessary to enter through an exterior door that serves as an entrance

---

[3] Paragraph 9 of the lease provides: "Tenant shall indemnify, hold harmless and defend Landlord from any claims whatsoever arising from Tenant's use or occupancy of the demised premises or occasioned wholly or in part by any act or omission of Tenant or any person claiming through Tenant."

to a foyer that leads to both Kelley's Pace and The Sporty Image; that the exterior door leads to a foyer and the interior doors to both Kelley's Pace and The Sporty Image are located in the foyer; that said exterior door is not contained within Unit A of the North Front Building; and that the foyer to which this exterior door leads is not contained within Unit A. To these requests for admissions there were no objections filed by the third party plaintiff, and consequently, these requests were deemed to have been admitted. Practice Book § 239.[4]

In response to the motion for summary judgment, the third party plaintiff filed only one affidavit, by Bonnie M. Clein, signatory, as landlord in the Lease Agreement,[5] setting forth the indemnity agreement as to the

---

[4] "[Practice Book] Sec. 239.—ANSWERS AND OBJECTIONS TO REQUESTS FOR ADMISSION

"Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Sec. 238 (b), or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . ."

[5] The affidavit, dated June 9, 1986, provides:

"I Bonnie M. Clein, do depose and say the following:

"1. That I am of majority age and understand the obligation of an oath;

"2. That I am competent to testify to the matters stated herein;

"3. That I am signatory as Landlord to the Lease Agreement (copy attached hereto as Exhibit 'A') referred to in the third-party defendants, Candace Browning and Jacintha Kelley's Motion for Summary Judgment;

"4. That contained within said Exhibit 'A', paragraph 6 states: '. . . TENANT shall pay as additional rent its proportionate share of real estate taxes and insurance on the complex in which TENANT'S premises are located and its proportionate share of all building and common area maintenance and repairs . . . ';

"5. That contained within said Exhibit 'A', paragraph 16 states: 'Subject to common expense contribution requirements in tenant leases, the LANDLORD shall be responsible for structural repairs and structural maintenance . . .';

"6. That tenant signatories, Jacintha Kelley, Candace Browning and Janet Orenstein, D/B/A Kelley's Pace, paid lawful sums of money to Landlord as required by paragraphs 6 and 16 of said Exhibit 'A';

source of the third party defendants' legal obligation to the third party plaintiff. The affiant, Clein, claims that based upon the indemnity agreement, as set forth in paragraph 9 of the lease, the third party defendant would be liable to any person injured while en route to the tenant's store. The counteraffidavit filed by the third party plaintiff fails, however, to allege any facts that would lead one to believe that the plaintiff was going to the premises in order to enter Kelley's Pace. During oral argument, counsel for the third party plaintiff conceded that there was no documentation or evidence submitted in response to the motion for summary judgment to indicate that the plaintiff was entering the building to go to Kelley's Pace.[6] The trial court, after

"7. That contained within said Exhibit 'A' paragraph 9 states: 'TENANT shall indemnify, hold harmless and defend LANDLORD from any claims whatsoever arising from TENANT'S use or occupancy of the demised premises . . .';

"8. That the subject incident is covered under the terms of the Lease Agreement, Exhibit 'A', to the best of my knowledge."

[6] During oral argument, the third party plaintiff's counsel conceded that there was no fact alleged in its counteraffidavit to show that the plaintiff was going to Kelley's Pace.

"Justice: Don't the requests for admission suggest that control was with your client?

"Counsel: Yea, you're absolutely right, but . . .

"Justice: Where does that leave . . .

"Counsel: Well, if you'll let me get into the case that far . . .

"Justice: Sure, go right ahead.

"Counsel: My contention may be wrong as sin, but my contention is that control does not enter into it. My contention, your Honor, is simply that this is an indemnifying agreement, and I don't care what they were doing or how they were doing it. If they had occasion to be there *because of the tenant*, then the indemnification agreement . . .

"Justice: Was there *any* evidence . . . that his position . . . Mr. Lemega's position is that there *wasn't one bit of evidence* that shows she was going to Kelley's Pace.

"Counsel: That's right, that's my problem except everybody understood that then. You're right, I mean that's my problem and trouble . . . I know that, but I'm trying to put across the fact that it was sort of irrelevant because she was entering this because of the tenant. I understand. There's *no direct* evidence she was going to Kelley's.

"Justice: Any evidence?

"Counsel: Any evidence. *No, there is no evidence.*" (Emphasis added.)

examining all pertinent documents submitted by both parties, made an appropriate finding "that there is no genuine issue as to any material fact and that the third party defendants are entitled to judgment as a matter of law." The third party plaintiff's failure to submit to the court affidavits or other evidence tending to establish the fact that Janet Orenstein intended to go to Kelley's Pace necessarily precluded the court from reaching the legal question regarding the indemnification clause in the lease.[7]

There is no error.

In this opinion the other justices concurred.

---

[7] In ruling as we do, we do not mean to imply that the third party defendant tenants necessarily would have been liable if there were "evidence that Janet Orenstein had intended to go to Kelley's Pace."