[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, John Scott Sullivan, filed a five count action sounding in breach of contract against Progress Builders, Inc. and its corporate officers Keith S. Mahler and I. Kenneth Mahler. Sullivan alleges that he entered into a six month employment contract with Progress Builders, Inc. on March 3, 1988, renewed on July 1, 1988, whereby he was to receive an $18,000.00 bonus on February 28, 1989, and an increase in pay in the amount of $3000 per month commencing August 26, 1988. Plaintiff alleges that he continued to work for Progress Builders, Inc. but received neither the promised bonus wages nor the increase in pay. Sullivan made repeated demands for the $18,000.00 bonus wage to defendant Keith S. Mahler. On March 26, 1989, defendant I. Kenneth Mahler requested plaintiff accept $7,500.00 immediately and $10,500.00 at the completion of a certain development project. Plaintiff agreed. The project was completed in mid 1989.
Despite repeated demands upon Keith S. Mahler and I. Kenneth Mahler individually and in their capacities as officers of Progress Builders, Inc., all back wages and interest due from Progress Builders, Inc. to Sullivan remain unpaid. Plaintiff alleges that defendants Keith S. Mahler and I. Kenneth Mahler specifically caused Progress Builders, Inc. to withhold from him the bonus wage.
Pursuant to General Statutes Section 31-72, Sullivan seeks twice the amount of the outstanding bonus wage plus costs and attorneys' fees from Progress Builders, Inc. in count one, from defendant Keith S. Mahler in count two, and from I. Kenneth Mahler in count three. Counts four and five sound in common law breach of contract against Progress Builders, Inc. (in count four) and I. Kenneth Mahler CT Page 1200 (in count five) and seek $10,500.00 plus interest in damages.
Defendants Keith S. Mahler and I. Kenneth Mahler have filed a motion for summary judgment. As grounds for their motion, the Mahlers argue that Sullivan has not alleged that they were employers in the sense required by General Statutes Section 31-72.
Section 31-72 states in pertinent part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, . . . such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court. . . ." Id. "Employer" is defined to include "any individual, partnership, association. . . ." General Statutes Section 31-71a(1).
Based upon affidavits submitted along with their motion for summary judgment, the Mahlers assert that they are not employers within the meaning of the statute because all of their communications with Sullivan were in their capacities as corporate officers of Progress Builders, Inc. They argue that at no time did they, in their individual capacities, cause any wages to be withheld from the plaintiff.
"A motion for summary judgment should be granted only when the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574 (1987) (citations omitted). Even if the court accepts the defendants' contention that they did not act in their individual capacities, their motion for summary judgment must be denied because as a matter of law, this fact alone does not entitle them to judgment. Grossman v. Centaur Sciences, Inc.,3 CSCR 760 (August 30, 1988, Cioffi, J.). This court states:
 Given the fact that Connecticut does provide for a civil remedy for wrongfully withholding wages, this court holds that any party who specifically causes wages to be withheld from an employee is held individually accountable to the employee whether that person was acting in a corporate capacity or not. This is not holding corporate officials individually responsible for corporate debts under this circumstance. Individual responsibility is founded not upon an action in debt, but instead is predicated upon the violation of public policy embodied in a statute. Id.
Plaintiff has alleged in his complaint that defendants Keith S. Mahler and I. Kenneth Mahler were the persons specifically responsible for wages being withheld by Progress Builders, Inc. CT Page 1201 (Counts two and three, par. 24.)
Finding that reasoning in Grossman v. Centaur Sciences, Inc., supra, persuasive, the defendants' motion for summary judgment is denied.
BYRNE, J.