[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT
ISSUE
Should the court grant the plaintiff's motion for summary judgment?
FACTS
In its three-count amended complaint, the plaintiff, Brodeur Hannaford, C.P.A., P.C., sues the defendant, Finkeldey, Inc., for $20,823.80 allegedly owed to the plaintiff for accounting services rendered to the defendant. The first count alleges breach of the agreement to pay for the services. Count two alleges unjust enrichment and count three alleges that the defendant made and delivered two checks totaling $20,823.80 which were dishonored and refused.
The defendant answered the complaint and asserted two special defenses (CUTPA and unreasonable fee) as to each of the three counts and also asserted a counterclaim alleging CUTPA. The plaintiff answered the special defenses and the counterclaim, thereby closing the pleadings.
The plaintiff moves for summary judgment and filed in support a memorandum of law, an affidavit of the plaintiff's president and unanswered requests for admission. The defendant filed a memorandum in opposition and an affidavit of its president.
DISCUSSION
Summary judgment may be granted if no material questions of fact exist and if the movant is entitled to judgment as a matter of law. Practice Book 384. The movant has the burden of proving the nonexistence of any material fact. Connell v. CT Page 6046 Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990).
In support of its motion, the plaintiff argues that the defendant has admitted that it owes the plaintiff $20,823.80, and that therefore summary judgment should enter in its favor. The plaintiff relies on the unanswered requests for admissions directed toward the defendant and dated January 10, 1992.
The defendant argues in opposition that the plaintiff overcharged it and that the accounting work performed by the plaintiff was unsatisfactory and required correction by another accounting firm. The defendant contends that the reasonableness of the fee in light of the work performed presents a factual issue that cannot be resolved on summary judgment.
The defendant never answered nor objected to the request for admissions posed by the plaintiff on January 10, 1992. On April 3, 1992, at the same time it filed its memorandum opposing the summary judgment motion, the defendant filed a motion for extension of time to April 23, 1992, to reply to the January 10, 1992 request for admissions. The defendant had not filed its reply as of May 21, 1992.
Practice Book 239 provides that "[e]ach matter of which an admission is requested is admitted unless, within thirty days. . . or within such shorter or longer time as the court may allow, the party to whom the request is directed" answers or objects. See also Orenstein v. Old Buckingham Corporation, 205 Conn. 572,576, 534 A.2d 1172 (1987) (requests for admissions deemed admitted by third party plaintiff's failure to object successfully used by summary judgment movant). The court for the purposes of this motion considers the unanswered requests admitted.
Nevertheless, a material issue of fact exists as to the reasonableness of the fee in light of the services actually rendered. The president of the defendant corporation, Robert J. Findeldey, Sr., attests that the plaintiff rendered accounting services for which the defendant has not paid. The defendant further attests that the fee is unreasonable because the plaintiff did not alert the defendant of certain tax deductions to which it was entitled, and that the defendant was forced to spend more money to correct the plaintiff's work.
The defendant's affidavit raises a material issue of fact regarding the reasonableness of the fee paid. The affidavit contradicts one of the deemed admissions as to the fee's reasonableness.
On the basis of the forgoing the court denies the Plaintiffs motion for Summary Judgment. CT Page 6047
AUSTIN, J.