[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 17, 1991, Advo-Systems, Inc. (ADVO) discharged its employee Robert J. Sliwa for unauthorized possession of a firearm on ADVO property. Sliwa brought a fully loaded semi-automatic pistol to work with him every day while working at ADVO.
While the ADVO policy manual allows for termination of employment for unauthorized possession of a firearm on company property, the plaintiff Sliwa claims his termination was wrongful because: (1) he had received assurances that it was permissible for him to possess his pistol at work; (2) he was not given the benefit of ADVO's progressive discipline system; (3) he detrimentally relied on false informations given to him by ADVO regarding its policies. The defendant ADVO moves for summary judgment claiming that there exists no evidence that the plaintiff was authorized to carry his semi-automatic weapon on ADVO property and no evidence that ADVO violated its policy in discharging him. Both plaintiff and defendant have submitted numerous lengthy legal briefs and affidavits CT Page 9371 regarding the legal and factual issues in this case.
A motion for summary judgment should be granted only when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material facts, and that the moving party is entitled to judgment as a matter of law. Orenstein v. Old Buckingham Corporation,205 Conn. 572, 574 (1987) Only those facts which would be admissible as evidence are properly brought forth on a motion for summary judgment. Id.
Several affidavits from ADVO supervisors and executives indicate that the plaintiff did not have permission to possess a gun on company premises. However, the most recent affidavit of Weldon Turner, an individual who engaged in significant business dealings with ADVO, states that "In the summer of 1991, Mr. Rueli [ADVO Vice-President President of Operations] personally stated and related to me his knowledge and sanction of Mr. Sliwa's possession of a gun on Advo property." Affidavit of Weldon Turner, August 4, 1993, paragraph 10. This statement is admissible against the defendant company because the executive position of Mr. Rueli and his status as the plaintiff's supervisor authorized him to speak for the company on matters concerning employee conduct. See Tierney v. American Urban Corp., 170 Conn. 243, 251 (1976); C. Tait, Tait and LaPlante's Handbook of Connecticut Evidence, 11.5.6 p. 345 (2nd Ed. 1988). The above-quoted statement creates a genuine issue of material fact concerning whether Sliwa was authorized to possess his pistol while on Advo company property. Since this dispute goes to the core of whether the Sliwa termination and the procedures used to accomplish it were appropriate, summary judgment must not be granted.
Accordingly, the motion for summary judgment is denied.
Langenbach, J.