[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #169
In this product liability action, the plaintiff, Gary Way, seeks to recover damages from the defendant, Sears, Roebuck and Co. for personal injuries he allegedly sustained as a result of a fall from an aluminum ladder purchased from the defendant. The plaintiff alleges that the accident occurred on February 28, 1990, in the scope of the plaintiff's employment with TJS CT Page 10954 Associates, Inc. The plaintiff's complaint, brought pursuant to the Connecticut Product Liability Act, General Statutes 52-572m
et seq., was filed on May 6, 1992. On September 1, 1992, the defendant filed an answer and six special defenses. It is undisputed that as a result of the accident, the plaintiff applied for and received workers' compensation benefits pursuant to the laws of New York from his employer, TJS Associates, Inc. It is undisputed that the plaintiff never received workers' compensation benefits pursuant to the Connecticut Workers' Compensation Act, chapter 568, General Statutes31-275 et seq.
On August 23, 1993, the defendant filed a motion for summary judgment and an accompanying memorandum of law. The defendant argues, in accordance with its fifth special defense, that the complaint is barred by the ten-year statute of repose contained in General Statutes 52-577a. On September 3, 1993, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment. In support of his objection to the defendant's motion, the plaintiff has submitted the affidavit of the plaintiff Gary Way. In that affidavit, the plaintiff states that as a result of the accident, he received workers' compensation benefits pursuant to 29 of the New York workers' compensation statute. In addition, the plaintiff states in his affidavit that he did not receive workers' compensation benefits under the Connecticut Workers' Compensation Act, chapter 568, General Statutes 31-275 et seq.
On September 23, 1993, the plaintiff filed a supplemental memorandum of law in opposition to the defendant's motion. Submitted with this memorandum is the affidavit of John Zampato, a disclosed expert witness in this matter. In that affidavit, Mr. Zampato states that it is his opinion that the subject ladder has a useful life of over ten years. On September 29, 1993, the defendant filed a reply brief in response to the plaintiff's supplemental memorandum of law in opposition to the defendant's motion. Submitted with this memorandum is the affidavit of John Goodpasture, a former National Ladder Buyer of Sears, Roebuck and Co. Mr[.] Goodpasture does not claim to have been the buyer for Sears during the year 1978. In that affidavit, Mr. Goodpasture states that in and around 1978, Sears sold the same type of ladder that is the subject of this suit. He also states that at the very latest, a ladder of this type which was manufactured in 1978 would have been sold by Sears by the end of the year 1978. CT Page 10955
On October 19, 1993, the plaintiff filed a second supplemental memorandum of law in opposition to the defendant's motion for summary judgment. With this memorandum, the plaintiff has submitted the affidavit of Christine Lenhard along with a photocopy of a notice affixed to the side of the subject ladder. In that affidavit, Ms. Lenhard states that having had the occasion to inspect the ladder and the affixed notice, the photocopy of the notice is a fair and accurate representation of the affixed notice.
Pursuant to Practice Book 384, summary judgment should be granted if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The motion for summary judgment should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Orenstein v. Old Buckingham Corp., 205 Conn. 574, 534 A.2d 1172
(1987).
The defendant argues that it is entitled to judgment as a matter of law because the plaintiff's claim is barred by the statute of repose contained in General Statutes 52-577a. The plaintiff argues that because he received benefits under New York workers' compensation law and never received benefits pursuant to chapter 568, his claim is not time-barred.
The Connecticut Product Liability Act, General Statutes52-572m, provides the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). The time to file suit pursuant to this statute is limited by General Statutes 52-577a, which provides, in pertinent part, as follows:
 (a) No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any CT Page 10956 party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product.
. . . .
 (c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product.
The ten-year statute of repose was enacted as part of the Connecticut Product Liability Act. See Public Act 79-483, 3. The supreme court in Daily v. New Britain Machine Co., 200 Conn. 562,568-69, 512 A.2d 893 (1986), noted that the product liability act and the statute of repose were enacted to address the product liability insurance crisis:
 During the period 1971 to 1975 there were a growing number of complaints concerning the problem of product liability claims and manufacturers' ability to obtain adequate insurance coverage. . . . Based on the information available, the legislature assessed the relative merits of including a different statute of repose for workers eligible for workers' compensation and concluded that the benefits of the workers' compensation program justified a ten year limitation. . . .
Daily v. New Britain Machine Co., supra, 578-80 (Citations omitted.)
In order for the General Statutes 52-577a(c) to apply, the defendant, as the moving party, has the burden of proving that the plaintiff was "not entitled to compensation under chapter 568." (emphasis added.) "The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." CT Page 10957 (Internal quotation marks omitted; citation omitted.) Cleveland v. U.S. Printing Ink, Inc., 218 Conn. 181, 193, 588 A.2d 194
(1991). The act is to be broadly construed to effectuate this purpose. Klapproth v. Turner, 156 Conn. 276, 279, 240 A.2d 886
(1968). "The purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." Cleveland v. U.S. Printing Ink, Inc., supra, 194.
The supreme court's reasoning in Cleveland v. U.S. Printing Ink, Inc., supra, is applicable to the present case. The plaintiff in Cleveland, a resident of New Jersey employed as a truck driver by a New Jersey corporation, was injured during the course of his employment in the state of Connecticut. Thereafter the plaintiff received workers' compensation benefits under the New Jersey Workmen's Compensation Act. The plaintiff subsequently sought supplemental benefits under the Connecticut Workers' Compensation Act, General Statutes 31-275 et seq. The supreme court held that it was appropriate to apply Connecticut workers' compensation law to the employment-related injury sustained by the plaintiff in Connecticut.
The court reasoned, in pertinent part, as follows:
 We conclude that the conflict of laws rule . . . adopted in the majority of jurisdictions. . . [that the local statute will be applied if the place of injury, or the place of hiring, or the place of employment relation is within the state] is the rule best suited to the purposes of our Workers' Compensation Act. . . . Connecticut has an interest in compensating injured employees to the fullest extent possible. Regardless of where an employee first seeks an award of benefits, he or she is entitled to the maximum allowed to an individual under either comprehensive legislative scheme . . . . [O]ur adoption of this rule . . . protects claimants who, because the various incidents of their employment and their injury are linked to a different jurisdiction, may be at risk with respect to their eligibility for workers' compensation benefits. The remedial purpose of our Workers' CT Page 10958 Compensation Act supports application of its provisions in cases where an injured employee seeks an award of benefits and Connecticut is the place of the injury, the place of the employment contract or the place of the employment relation.
(Emphasis added.) (Internal quotation marks omitted; citations omitted.) Cleveland v. U.S. Printing Ink, Inc., supra, 193-95.
Pursuant to the above analysis, the plaintiff in the present case is entitled to benefits under the Connecticut Workers' Compensation Act, chapter 568, General Statutes 31-275 et seq.
Because the ten year statute of repose contained in General Statutes 52-577a applies to the plaintiff's claim, it is necessary to consider when the defendant last parted with possession or control of the product. General Statutes52-577a(a). Submitted with the defendant's reply brief in response to the plaintiff's supplemental memorandum of law in opposition to the defendant's motion is the affidavit of John Goodpasture. In that affidavit, Mr. Goodpasture states that in and around 1978, Sears sold the same type of ladder that is the subject of this suit. He also states that at the very latest, a ladder of this type which was manufactured in 1978 would have been sold by Sears by the end of the year 1978. The plaintiff has not provided for the court's review any documentary proof to counter the defendant's documentation. Pursuant to Practice Book 380, both parties are required to file supporting documentation. Batick v. Seymour, 186 Conn. 632, 645 n. 9, 443 A.2d 471 (1982). A party opposing a motion for summary judgment, "[is] entitled, indeed obligated, to file an affidavit reciting evidentiary matter to establish the existence of a genuine issue as to a material fact." Conference Center Ltd. v. TRC, 189 Conn. 212,217, 455 A.2d 857 (1983). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party by affidavit or as otherwise provided by [Practice Book] 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Citation omitted.) Kakadelis v. DeFabritis, 191 Conn. 276, 280-81,464 A.2d 57 (1983). Because the plaintiff in the present case has not set forth any specific facts showing that there is a genuine issue for trial, the defendant's motion for summary CT Page 10959 judgment is granted.
Austin, J.