[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT PURITAN EXCESS AND SURPLUS LINESINSURANCE CO.'S MOTION FOR SUMMARY JUDGMENT
The background of this action is as follows. On March 28, 1982 the plaintiff was a patron at Daniel's Inc., (Daniel's) a place of business in Hamden, when he suffered a serious injury to his eye. He subsequently brought suit against Daniel's in the Superior Court for the Judicial District of New Haven, alleging that his injuries and losses were caused by Daniel's by way of its negligent supervision of the premises and its employees. On January 7, 1993, the plaintiff obtained a stipulated judgment in the amount of $180,000 against Daniel's.
At the time of the incident at Daniel's on March 28, 1982, there were two insurance policies which had been issued naming Daniel's as the insured. The defendant Western World Insurance Company (Western World) had issued a general liability policy, and the defendant Puritan Excess and Surplus Lines Insurance Company Puritan) had issued a policy entitled "Excess Liability Policy". The Western policy had a limit of $500,000 and the Puritan policy a limit of $1,000,000.
The plaintiff then demanded payment of the $180,000 judgment from both Western World and Puritan, but both defendants refused to pay the judgment. The basis of Western World's refusal is a claim that there is an alleged "Assault and Battery Exclusion" in its policy which excludes coverage for the plaintiff's claim. Puritan has refused to pay the judgment because it claims that it issued an "Excess Policy" which by its express terms requires that the plaintiff exhaust the $500,000 limits of the Western World policy in satisfaction of the judgment before there is any obligation for payment under the Puritan policy, and that the Western World policy has not been exhausted, nor could it ever be exhausted because the coverage limit of the Western World policy is $500,000 and the plaintiff's claim is only $180,000. The plaintiff then instituted this subrogation action against both Western World and Puritan seeking payment of the $180,000 judgment rendered against Daniel's CT Page 12881 pursuant to Section 38a-321 of the Connecticut General Statutes.
Before the court at this time is the defendant Puritan's motion for summary judgment alleging that there is no genuine issue of material fact relevant to its claim that the plaintiff cannot recover from Puritan based on the facts of this case and the provisions of its insurance policy, and that it is entitled to judgment as a matter of law. All parties in the case have filed various affidavits, exhibits and multiple memoranda in support of their respective positions. Both the plaintiff and Western World argue, in opposition to the motion, that there is a genuine issue of material fact.
The purpose of a motion for summary judgment procedure is "to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. OldBuckingham Corp., 205 Conn. 572, 574, 534, A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Leesv. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastic Corp., 229 Conn. 99,105, ___ A.2d ___ (1994). The party opposing summary Judgment must substantiate its adverse claims by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). Nevertheless, "`[m]ere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book Sec. 380.'"Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). The test for the granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v. Colwell, supra, 214 Conn. 247.
In support of the motion, Puritan has filed the home office copy of policy #XML000016 issued by Puritan to Daniel's, which the plaintiff alleges in his complaint is the specific policy under which he is claiming that Puritan is obligated to pay the judgment. Puritan has also filed affidavits from Susan E. Bonney, an authorized representative of the company, stating in part that CT Page 12882 policy #XML000016 is an Excess Liability policy which was intended to provide excess coverage for Daniel's in the event that a claim exceeded the limits of the general liability policy issued by Western World.
Puritan's policy provides in paragraph 1 under "Policy Provisions" that "(t)he insurance afforded by this policy shall apply only in excess of and after all UNDERLYING INSURANCE has been exhausted." There is no dispute as to the fact that the Western World policy, which is the "underlying insurance", provides coverage of $500,000, that it has not been exhausted, and that it could never be exhausted, because the judgment being sued upon is only $180,000.
The plaintiff and the co-defendant Western World, both of whom object to the motion for summary judgment, do not claim that the above quoted provision of the Puritan policy is ambiguous or that it does not mean exactly what Puritan claims it means. It is their position that there is a question of fact as to what kind of policy was issued by Puritan to Daniel's. This claim is based on two exhibits filed by the plaintiff which, it is argued, raise this issue of fact.
The two exhibits are labeled "Notice of Financial Premium" and "Notice of Cancellation" and were generated by an insurance broker named Shoff Darby Cos., Inc. On each of these forms there appears the letters UMB under the heading of "Coverage". Based on the fact that the letters must which Puritan concedes do mean "umbrella", the plaintiff and Western World claim that there is an issue of fact concerning what policy was issued by Puritan, that perhaps it was an Umbrella type of policy, and that an Umbrella Policy contains certain provisions which would provide insurance for the plaintiff's judgment even though Western World's policy has not been exhausted.
The two forms relied on by the plaintiff and Western World do not raise a genuine issue of material fact. These letters appear on the same line which indicates that the policy being referred to is Puritan Ins. Co. policy #XML000016 with an effective date of March 6, 1982. That is the same policy number and effective date as the policy which the plaintiff's complaint alleges he is proceeding under and which Puritan has filed as an exhibit. Shoff Darby is not a representative of Puritan and the fact that someone at Shoff Darby inserted the letters UMB on its forms does not change the policy which was issued by Puritan. If one chooses to CT Page 12883 call Policy #XML000016 an Umbrella Policy or an Excess Policy or a Fire Policy it does not change the provisions of that policy. They clearly provide that the coverage only applies when Western World's policy coverage has been exhausted. That has not happened, nor could it happen under the undisputed facts of this case.
Puritan has established that there is no genuine issue of material fact with respect to its policy or its coverage provisions, and that it is factually impossible for the plaintiff's claim to ever reach the coverage of Puritan's policy. Puritan is entitled to judgment as a matter of law.
The motion for summary judgment filed by the defendant Puritan Excess Surplus Lines is granted.
William L. Hadden, Jr., Judge