[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Wilton Bank, on July 15, 1994, filed a four count complaint against the defendants, Douglass Loud, and The Loud Consulting Corp. The plaintiff seeks in counts one and two to collect on two notes executed by the defendants. In the third and fourth counts, the plaintiff seeks to collect on checking account overdrafts from Loud.
On November 21, 1994, the plaintiff filed a motion for summary judgment as to Loud on the ground that there is no genuine issue of material fact as to Loud's liability on the notes and overdrafts. The plaintiff relied, in its motion, on Loud's failure to answer the plaintiff's requests for admission, and upon the note itself.
Loud filed his answer to the plaintiff's request for admissions on December 12, 1994, and filed an objection to the plaintiff's motion for summary judgment on December 27, 1994. On January 10, 1995, the plaintiff filed a response to Loud's objection in which it withdrew its motion for summary judgment as to Loud on the third and fourth counts. The plaintiff also filed a copy of Loud's pro se appearance, and copies of the notes. CT Page 4237
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Waterand Way Properties v. Colt's Manufacturing Co., 230 Conn. 660,664, 646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., supra, 230 Conn. 665.
The plaintiff argues that Loud is individually liable on the note, on the basis of Loud's failure to answer the plaintiff's request for admissions, and on the basis of Loud's signature as an endorser on the notes. Loud contends that the notes were made by the Loud Consulting Corp., and not by Loud individually.
Summary judgment can be granted on the basis of admissions resulting from a failure to respond to a request for admissions.Orenstein v. Old Buckingham Corp., 205 Conn. 572, 576,534 A.2d 1172 (1987); see also Practice Book § 239. There is a question however, as to whether such admissions can be relied on when untimely answers have been filed. See Falcone v. NightWatchman, Inc., 11 Conn. App. 218, 219 n. 1, 526 A.2d 550 (1987);Garrity v. Aetna Casualty Surety Co., 4 CSCR 647 (July 31, 1989, Flynn J.).
Nevertheless, summary judgment can be granted on the basis of the notes. Loud argues that he signed the notes in his representative capacity and, therefore, is not personally liable on the notes. General Statutes § 42a-3-401(b)(1) provides that a representative is not liable on an instrument if the CT Page 4238 signature unambiguously shows that it was made on behalf of the represented person identified in the instrument. The notes demonstrate that Loud signed each note, as president, on behalf of the Loud Consulting Corp., the borrower. Additionally, the notes also show that Loud signed each note again in a space where he is identified as an individual endorser. General Statutes § 42a-3-118(e) (now General Statutes § 42a-3-116(a)) provides that "[u]nless the instrument otherwise specifies two or more persons who sign as maker, acceptor or drawer or endorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as `I promise to pay.'" See Rosa v. Colonial Bank, 207 Conn. 483, 493,542 A.2d 1112 (1988); Fleet Bank v. Polites, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387118 (April 1, 1992, Aronson, J.).
Loud's signature on the notes as endorser makes him personally liable pursuant to General Statutes § 42a-3-118(e) (now General Statutes § 42a-3-116(a). Furthermore, the plaintiff has provided evidence showing Loud's liability, but Loud has not provided any evidence, merely assertions, which fail to create any genuine issue of material fact. Water and WayProperties v. Colt's Manufacturing Co., supra, 230 Conn. 665. Accordingly, the plaintiff's motion for summary judgment as to Loud is granted on counts one and two.
KARAZIN, J.