[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: MOTION FOR SUMMARY JUDGMENT #113
The plaintiffs, Richard A. Baker and Mary B. Baker, commenced this breach of contract action against the defendants, Eric B. CT Page 5503 Outwater and Environmental Health Services, Inc. (EHS), to collect sums allegedly due and owing under a purchase agreement and a guaranty and security agreement. The first count of the two count complaint alleges that through a purchase agreement the defendant Outwater promised to pay to the plaintiffs the sum of five thousand dollars. The second count alleges that by way of a guaranty and security agreement, the defendant EHS agreed to guaranty the Outwater's obligations under the purchase agreement. The complaint alleges that the defendants are in default under the respective agreements, and that the entire sums are now due and owing. The complaint also alleges that under the terms of the agreements the defendants are also liable for reasonable costs, expenses and attorney's fees incurred in connection with this action.
The defendants filed an answer to the complaint leaving the plaintiffs to their proof. The plaintiffs now move for summary judgment. In support of their motion, the plaintiffs submitted a memorandum of law, affidavits, requests for admissions and other documentation. The defendants have not filed any opposition to this motion.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as other wise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial." Kakadelisv. DeFabritis, 191 Conn. 276, 280-281, 464 A.2d 57 (1983). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." (Citations omitted.) Water Way Properties v. Colt'sMfg. Co., supra, 230 Conn. 664.
In support of their motion, the plaintiffs rely on requests for admission that were served upon the defendants, and to which the defendants filed no response or objection. Consequently, these requests are deemed as admitted. Practice Book Sec. 239. The substance of the admissions follow the allegations of the complaint: the defendant Outwater entered into a purchase CT Page 5504 agreement with the plaintiffs; he is presently in default; under the terms of the agreement he agreed to pay interest at a rate of 18 % per year and all reasonable costs, including attorney's fees incurred in proceeding for collection under the agreement. The requests also show that the defendant Outwater made one payment of $500, but there is presently due and owing $4,500 in principal, $859.86 in interest through October 1, 1994, and attorney's fees and costs through October 1, 1994 of $1,100. The defendant Outwater further admits that he has refused to pay the outstanding balance, despite plaintiffs' demand for payment.
By failing to respond or object to the requests for admissions, the defendant EHS also has admitted to the following: under a guaranty and security agreement it guaranteed all of the defendant Outwater's obligations to the plaintiffs; it is now in default under the terms of the guaranty by failing to make payments when due; it refused to pay sums due and owing despite plaintiffs' demand; under the terms of the guaranty agreement, the entire debt is immediately due and payable.
In response to this summary judgment motion, the defendants have not filed any opposition or submitted any evidence to contradict these admissions. The court may rely on the admissions submitted by the plaintiffs on this motion for summary judgment. See, Orenstein v. Old Buckingham Corporation, 205 Conn. 572,534 A.2d 1172 (1987). Since there are no genuine issues of material fact, the plaintiffs' motion for summary judgment is granted is granted as to liability only.
PICKETT, J.