[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the ground that there exists no genuine issue of material fact as to whether a valid inter vivos gift was made.
On February 10, 1993, the plaintiffs, Edward and Barbara Jaworski, filed a two count complaint against several named defendants including Vincent L. Diana, Administrator of the Estate of Elizabeth Anderson, seeking a judgment declaring them absolute owners of certain share of stock and dividends accruing therefrom. In count one the plaintiffs allege that they acquired title to 225 shares of Aetna Life Casualty Co. capital stock, and stock dividends accruing from them, by inter vivos gift in May 1989 from the late Elsie A. Bradley. In count two the plaintiffs allege that they acquired title to 12 shares of ITT capital stock, and stock dividends accruing from them, by inter vivos gift on or about January 26, 1990 from Ms. Bradley.
On March 16, 1995, defendant Diana filed a motion for permission to file a motion for summary judgment accompanied by a memorandum of law in support of the motion. The motion was granted. On May 8, 1995, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment.
The purpose of a motion for summary judgment procedure is an attempt "to dispose of cases in a manner which is speedier an less expensive for all concerned than a full-dress trial."Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Lees v.Middlesex Ins. Co., 319 Conn. 644, 650, 594 A.2d 952 (1991). In deciding a motion for summary judgment, the trial court CT Page 7133 must view the evidence in the light most favorable to the nonmoving party. Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1993). The test for the granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990), quoting Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
The defendant argues in his memorandum that there was no valid delivery of either stock or stock dividends and that there was no donative intent on the part of Ms. Bradley or Ms. Anderson to make an immediate gift of either stock or stock dividends.
In response, the plaintiffs argue that constructive delivery of the stock certificates was made by the decedents, Ms. Bradley and Ms. Anderson, to the plaintiffs with the expressed intent to divest themselves of dominion over them.
"To constitute a valid gift inter vivos of personal property, there must be not only a delivery of possession of the property but also an intent on the part of the donor that title shall pass immediately." Kukanskis v. Jasut, 169 Conn. 29,34, A.2d 89 (1975). The defendant relies heavily upon copies of the plaintiffs' own deposition testimony in support of his argument. However, neither of the these copies are certified. The Superior Court has refused to grant motions for summary judgment which are supported by uncertified deposition testimony. Gough v. Town of Fairfield,7 Conn. L. Rptr. 50 (July 9, 1992, Lewis, J.); Balderston v. ShoalsConstruction Inc., 9 Conn. L. Rptr. 343 (July 1, 1993, Lewis, J.); Carroll v. Topolski, 4 Conn. L. Rptr. 503 (September 12, 1991, Santos, J.). Accordingly, the deposition testimony offered by the defendant is insufficient to support his motion for summary judgment.
Furthermore, our Supreme Court has held that "issues of motive, intent and good faith are not properly resolved on a motion for summery judgment." (Emphasis added.) WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250,618 A.2d 506 (1992). Against this background, the court concludes there is an issue of fact as to whether a valid inter vivos gift was made. Accordingly, the defendant's motion for summary judgment is denied. CT Page 7134
Mary R. Hennessey, Judge