[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
In this foreclosure action of property located at 100 Wendy Drive in the Town of South Windsor, the defendant, Peter J. Vannie, cross-claims against the defendant, Eileen M. Vannie, as to liability. Both the movant and the defendant on the cross-claim were divorced from each other pursuant to a May 28, 1993 decree providing, inter alia, that Peter Vannie was to quit-claim his interest in the property at 100 Wendy Drive, and that the defendant Eileen M. Vannie was to hold Peter Vannie harmless from the mortgage on said property.
Based on submissions consisting of a certified copy of the judgment of divorce and his affidavit, Peter Vannie moves for summary judgment on the issue of Eileen Vannie's liability to him for any deficiency judgment for which he may be liable.
The defendant Eileen Vannie has not responded to the motion for summary judgment.
The purpose of a motion for summary judgment is "to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old BuckinghamCorp., 205 Conn. 572, 574, 534 A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Lee v. MiddlesexIns. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). The test for CT Page 13806 the granting of a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts."Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990).
Here movant Peter J. Vannie has demonstrated that there is no material issue of fact and that he is entitled to judgment as to liability as a matter of law.
Therefore, judgment will enter declaring that Eileen M. Vannie is liable on the cross-claim to Peter J. Vannie for such amounts as Peter J. Vannie may claim and prove at a hearing in damages scheduled for that purpose.
As to the question of whether Peter J. Vannie is entitled to set-off any judgment on account of this action against any obligations he may have in the nature of support to Eileen Vannie, this court declines to make any order. Such relief should be obtained by Peter Vannie moving for that relief in the family action as a modification of that judgment.
Koletsky, J.