[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party plaintiff moves for summary judgment on Count One of its Amended Third-Party complaint dated May 31, 1995, which it filed against the third-party defendant, Hilton Mechanical Contractors, Incorporated (Hilton). In its complaint, Vinco alleges that the plaintiffs, Thomas and Linda McNeff (McNeff), brought suit against Vinco claiming damages as a result of an on-the-job injury. McNeff, an employee of Hilton, allegedly fell while descending a ladder from a mechanical platform to a ladder below an oval heating duct while working on a Vinco construction project. Vinco alleges that pursuant to a subcontract agreement dated May 1, 1989, and in effect on the date of the alleged injury, Hilton agreed to supervise the work done and supply the equipment used by its employees, and to assume any liability, indemnify, defend and hold Vinco harmless on account of accidents to persons or property due in whole or in part to Hilton's own negligent acts or omissions or the negligent acts or omissions of its employees. Vinco alleges that Hilton is liable to Vinco for any sums which McNeff may recover against Vinco. Vinco further alleges that Hilton breached its agreement by failing to properly supervise the work done and the equipment used by its employees and failing to defend, indemnify and hold Vinco harmless pursuant to the CT Page 1431-Y agreement.
On February 2, 1995, Vinco filed a Motion for Summary Judgment, pursuant to Practice Book § 378, on the first count of the Amended Third-Party complaint on the ground that there is no genuine issue of material fact concerning the third-party defendant's liability to defend and indemnify the third-party plaintiff in this matter. Attached to this motion is a memorandum of law in support and a copy of the subcontracting agreement. On May 26, 1995, Hilton filed a memorandum in opposition, along with the affidavits of Robert K. Hilton and A.P. Uccello, a copy of the subcontracting agreement, a copy of the McNeff Revised complaint dated July 12, 1994, a copy of the Answer and Special Defense of Vinco Incorporated to the Revised complaint, a copy of the Amended Special Defense, a copy of the Reply to Special Defenses, a copy of the Notice of Revised Third Party complaint and a copy of the Notice of Service of Requests for Admission.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202-03, ___ A.2d ___ (1995).
Vinco argues that it is entitled to summary judgment as to Count One because McNeff's complaint alleges negligence in failing to properly "design, construct and/or implement mechanical platform #4 (from which [he] fell) in that said platform did not contain adequate safety guards to prevent [him] from falling through the CT Page 1431-Z ceiling tiles." Memorandum in Support, p. 1. Vinco maintains that under sections 1(a), 4(a), 4(b) 4(c) of the subcontractor agreement[1], Hilton agreed to take full responsibility for the maintenance and safety of all equipment Vinco argues that mechanical platform #4 was Hilton's responsibility and that Vinco should be indemnified and held harmless.[2] Hilton argues it is only liable to Vinco under the agreement for claims resulting from its own negligence. Since Hilton was not charged with negligence by McNeff and there are no allegations in the Third-Party complaint that Hilton was negligent, Hilton claims that it is not required to indemnify Vinco under the agreement.
There exists a genuine issue of material fact as to which entity provided and/or exercised control over the mechanical platform which was the alleged proximate cause of McNeff's injury. Hilton contends in its memorandum that, "Vinco has admitted that neither the mechanical platform #4 nor the ladder beneath the oval heating duct at the location where Thomas McNeff was injured belonged to or were under the control of Vinco. See Requests for Admission, ¶¶ 1-4, Exhibit 8, not answered or objected to are admitted under Practice Book § 239." Memorandum in Opposition, p. 9.
Practice Book § 239 addresses requests for admissions and provides that late admissions (those answered after thirty days of filing) are deemed admitted. "The third party defendants filed a request for admissions directed to the third party plaintiff, which alleged certain facts pertaining to the lease between the parties . . . . To these requests for admissions there were no objections filed by the third party plaintiff, and consequently, these requests were deemed to have been admitted. Practice Book § 239." Orenstein v. Old Buckingham Corporation,205 Conn. 572, 575-76, 534 A.2d 1172 (1987).
In the absence of an objection by Vinco, it can be assumed that Vinco denied ownership and control of the platform at issue. However, there exists a genuine issue of material fact as to whether Hilton or a subcontractor of Hilton owned or controlled the mechanical platform.
Pursuant to the language of the subcontractor agreement, liability is linked to the entity who controls and/or provides the equipment. For example, if the mechanical platform was supplied by Hilton, under section 4(a) of the subcontracting agreement, Hilton maybe required to indemnify Vinco. If the CT Page 1431-AA mechanical platform was supplied by a subcontractor of Hilton, under section 4(b) of the subcontracting agreement, Hilton may be required to indemnify Vinco.
Thus, there is a question of fact regarding the ownership and/or control of the mechanical platform.
Accordingly, there exists a genuine issue of material fact that precludes the court from granting a motion for summary judgment. Therefore, the third-party plaintiff's motion for summary judgment is denied.
Howard F. Zoarski, Judge