[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #112
On December 17, 1993, the plaintiff, American Fabrics Company, filed a complaint alleging negligence against the defendants, York Services Corporation and York Research Corporation. The plaintiff alleges that it sustained damages as a result of the defendants' negligent conduct in not informing the plaintiff of its obligations under the law with respect to the plaintiff's use of acetone. CT Page 1431-NNN
The plaintiff claims that "from 1986 through part of 1992" the defendants performed environmental engineering and consulting services with respect to the plaintiff's manufacturing facility. The United States Environmental Protection Agency (EPA) filed a complaint dated December 24, 1991, charging the plaintiff with violating the Emergency Planning And Community Right to Know Law,42 U.S.C. § 11045 (c), and the regulations promulgated thereunder. On November 13, 1992, the plaintiff resolved the issue through a consent order and settlement by agreeing to pay the EPA a $35,000 fine. The plaintiff also claims additional damages because the imposition of the fine was published in various public media causing damages to its business reputation.
On March 16, 1994, the defendant filed an answer and a special defense alleging that the action was barred by the statute of limitations. On August 28, 1995,[1] the defendants filed a motion for summary judgment on the ground that the action was barred by the statute of limitations. The defendants attached a memorandum in support of the motion and the following documentary evidence: the EPA's complaint against the plaintiff, Docket No. EPCRA-I-91-1127; the consent agreement and order approved November 13, 1992; the plaintiff's response to the defendants' request for admissions defendants' first set of interrogatories and request for production to the plaintiff; and the plaintiff's objection to the defendants' request for leave to file a motion for summary judgment. On October 10, 1995, the plaintiff filed a memorandum in opposition. The defendants filed a reply memorandum on October 25, 1995.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995), quoting Practice Book § 384. A motion for summary judgment "should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987), citing Practice Book § 380.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the CT Page 1431-OOO burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.)Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
The defendants argue that General Statutes § 52-577
establishes a three year statute of limitations which bars the plaintiff's alleged cause of action. The defendants contend that the three year period began to run on July 1, 1990, the last date on which the plaintiff could have complied with 42 U.S.C. § 11045
by filing the necessary disclosure form with the EPA. Because the action was not commenced until December 17, 1993, the defendants argue that they are entitled to summary judgment.
The plaintiff contends that the cause of action did not accrue on July 1, 1990. It claims that the complaint filed by the EPA and the other documentary evidence submitted by the defendants allege facts that do not amount to evidence to support a motion for summary judgment. The plaintiff does not provide another date upon which the cause of action accrued, but alleges a continuous breach of duty on the part of the defendants which extended as late as 1992.
General Statutes § 52-577 states that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Section 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues . . . ." (Citations omitted; internal quotation marks omitted.) Sanborn v. Greewald, 39 Conn. App. 289,301-02, 664 A.2d 803 (1995).
Our supreme court has recognized "that the statute of limitations, in the proper circumstances, may be tolled under . . . the continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date." Blanchette v. Barrett, 229 Conn. 256, 265, 640 A.2d 74
(1994). "In its modern formulation, [the supreme court has] held that in order, to support a finding of a continuing course of conduct that may; toll the statute of limitations there must be CT Page 1431-PPP evidence of the breach of a duty that remained in existence after commission of the original wrong thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong . . . . Where [the supreme court has] upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act . . . ." (Citations omitted; internal quotation marks omitted.) Id., 275-76. The court finds in this instance that there is a genuine issue of material fact as to whether the Statute of Limitations may be tolled in this case under the doctrine of "continuing course of conduct."
The motion for summary judgment is denied.
LAWRENCE L. HAUSER, JUDGE