[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT MOTION #148
On December 5, 2000, the plaintiff Katlyn Hoskinson, through her parents. commenced an action against the Regional School District #1; Superintendent of Schools, John O'Brien. and Hope Mongeau. a teacher from North Canaan, claiming that on November 18, 1998 she suffered an injury when she fell at North Canaan Elementary School caused by the defendants negligence. On August 27, 2001, the defendants Regional School District #1 and John O'Brien, Superintendent of Schools moved for Summary Judgment as to counts One through Four of the plaintiff's Revised Complaint dated July 5, 2001 asserting that the defendants owed no duty of care to the plaintiff Specifically, the defendants argued and provided an affidavit in support indicating that the North Canaan Elementary School is not owned, controlled, or operated by Regional School District #1. The defendants provided proof that Regional School District #1 consists of one school, Housatonic Valley Regional High School. In response, the plaintiff argues that in her complaint she has alleged sufficient facts for the court to conclude a genuine issue of fact exists.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." QSP, Inc. v. The Aetna Casualty Surety Company, 256 Conn. 343, 351 (2001). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets CT Page 15612 in original; citation omitted.) Appleton v. Board of Education ofStonington, 254 Conn. 205, 209 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574
(1987).
The defendants have provided by way of affidavit undisputed and uncontroverted evidence that Regional School District #1 does not own, control or operate North Canaan Elementary School and therefore, the defendants would owe no duty to the plaintiff in this action. The plaintiff provided no evidentiary foundation to demonstrate the existence of a genuine issue of material fact but for the unsubstantiated allegations in her complaint.
The court's conclusion is that the defendants have proven that there is no genuine issue of fact regarding the ownership, control or operation of North Canaan Elementary School, and therefore, the defendant's Motion For Summary Judgment is granted.
Agati, J.